UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| DARBA ENTERPRISES, INC., a Nevada corporation,<br><br>           Plaintiff,<br><br> v.<br><br>AMICA MUTUAL INSURANCE COMPANY; et. al,<br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | 2:12-cv-00043-LRH-GWF<br><br><br>ORDER |

Before the court is Defendants' motion to dismiss filed on February 21, 2012 (#16[1]). Plaintiff filed a response on March 19, 2012 (#19). Thereafter, Defendants filed their reply on March 29, 2012 (#21).

**I.    Facts and Procedural History**

This is an antitrust and unfair competition case arising out of insurance provider Amica Mutual Insurance Co's ("Amica") allegedly monopolistic power over the use of internet keyword advertising. Plaintiff Darba Enterprises, Inc. ("Darba") is a small business incorporated in Nevada.

On February 24, 2011, Amica filed suit in the District of Rhode Island (the "Rhode Island litigation"), where Amica is headquartered, alleging that Darrin Bagnuolo, d/b/a Darba Online Darba

---

[1] Refers to the court's docket entry number.

Domains and Darba Enterprises Inc.,[2] was engaged in the unauthorized use of Amica's trademarks in connection with a bait-and-switch web site and was unlawfully bidding on and using internet keywords which use the word "AMICA" in order to mislead consumers into believing there is an affiliation between Darba and Amica. That litigation is pending.

Darba subsequently brought this action against Amica in Nevada, alleging that through the Rhode Island litigation Amica is attempting to obtain a "monopoly, restrain and encumber free trade and commerce, and restrain and encumber fair use." Darba additionally asserts state claims of antitrust violations, abuse of process, malicious prosecution, fraud, misrepresentation, tortious interference with business and tortious interference with contract.

## II.   Legal Standard

To survive a motion to dismiss for failure to state a claim under FRCP 12(b)(6), a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability

---

[2]The Rhode Island court has held that Bagnuolo's Nevada corporation, Darba Enterprises, Inc., is not a party to the Rhode Island litigation, but was only named as a d/b/a of Bagnuolo personally.

2

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

### III. Discussion

Darba alleges eight causes of action against Amica. In its motion, Amica seeks to dismiss all of them, including the only federal claim in this action, Darba's first cause of action: a federal antitrust and unfair competition violation. Amica claims that, pursuant to the *Noerr-Pennington* doctrine, it is immune to antitrust liability in this matter.

The *Noerr-Pennington* doctrine immunizes private entities from antitrust liability for attempting to influence the passage or enforcement of laws. *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135 (1961). This doctrine applies even if the laws the entities advocate would have anticompetitive effects. *Id.* at 139. "Private efforts to influence . . . courts, even for anticompetitive purposes, enjoy an exemption from the antitrust laws grounded in the First Amendment right to petition." *Boulware v. State of Nev., Dept. of Human Resources,* 960 F.2d 793, 797 (9th Cir. 1992).

"The *Noerr-Penington* doctrine shields . . . litigation activity from the reach of the antitrust laws

so long as the activity is not a 'sham'" *Id.*

> There is a 2-part test for "sham" litigation: 1) is the lawsuit 'objectively' baseless in that no reasonable litigant could expect to prevail on the merits and 2) if (and only if) the litigation is objectively meritless, the court may examine the plaintiff's subjective motivation – the court must focus on whether the baseless lawsuit conceals an attempt to interfere *directly* with the business relationships of a competitor.

*Clorox Co. v. Inland Empire Wholesale Grocers, Inc.*, 874 F. Supp. 1065, 1068 (C.D. Cal. 1994) (citing *Prof'l Real Estate Investors v. Columbia Pictures, Inc.*, 508 U.S. 49 (1993)).

Here, Darba seems to argue the *Noerr-Pennington* doctrine is inapplicable because it is not a party to the Rhode Island litigation. Darba's nonparty status in the Rhode Island litigation is irrelevant to the applicability of *Noerr-Pennington*, however. This action is based on Amica's allegedly monopolistic behavior in bringing civil lawsuits, which falls squarely under the ambit of *Noerr-Pennington's* protection of the First Amendment right to petition.

Darba also suggests that the Rhode Island litigation instigated by Amica constituted "sham" litigation and that this case thus falls into the exception to the doctrine. Darba alleges that Amica has "engaged in a pattern of frivolous, vexatious and harassing law suits" and that the Rhode Island litigation was not brought in good faith or with proper motive. In its opposition, Darba argues that Amica wrote "improper cease and desist letters, misrepresentative threatening discovery to third parties etc."

The court finds Darba's allegations to be conclusory and lacking in specificity. Claims asserting that another party has instituted "sham" litigation must include specific allegations demonstrating that the *Noerr-Pennington* protections do not apply. *Boone v. Redevelopment Agency of City of San Jose*, 841 F.2d 886, 894 (9th Cir. 1988). Allegations of greater than ordinary particularity are required where, as here, there is a potential for a chilling effect of the fundamental First Amendment right to petition. *Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Db. of Culinary Workers*, 542 F.2d 1076 (9th Cir, 1976).

Additionally, Darba's assertion that Amica's litigation-related activities are examples of misconduct is insufficient to eliminate the protection granted by the *Noerr-Pennington* doctrine. "[I]n the

4

litigation context, not only petitions sent directly to the court in the course of litigation, but also 'conduct incidental to the prosecution of the suit' is protected by the *Noerr-Pennington* doctrine." *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006).

Because Darba has failed to adequately allege that the Rhode Island litigation is objectively baseless, the court finds that the *Noerr-Penington* doctrine applies and shall grant Amica's motion to dismiss Darba's claim for federal antitrust violations and unfair competition. Furthermore, Darba's perfunctory request for leave to amend shall be denied because the Rhode Island litigation is ongoing and has not been dismissed, and as such Darba cannot plausibly allege that it is objectively baseless for purposes of establishing that Amica has engaged in "sham" litigation. Dismissal will be without prejudice, however, pending the resolution of the Rhode Island litigation. In the absence of any other federal claims, the court also declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Claims (#16) is GRANTED in accordance with this order. Plaintiff's complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 26th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE